# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Cory Fairfield,

Plaintiff

v. 23-cv-873-JPS

Waukesha County,
Sheriff Eric Severson,
in his official capacity,
Wellpath, LLC,
Tracy Lewandowski, FNU Tamez,
Temu Brown, James Matthews, and Mary Tess-Barber,
each in his or her individual capacity,

Defendants

## RULE 26 (f)(3) JOINT WRITTEN REPORT AND DISCOVERY PLAN

Counsel for the parties, having conferred as required by Rule 26(f)(1), F.R.Civ.P. and the Court's Pretrial Procedure Order (dkt # 19), hereby submit the following joint written report and Rule 26 (f)(3) discovery plan.

### A. A brief description of the nature of the case, including a statement regarding the basis of subject matter jurisdiction

This is a civil action brought pursuant to the ADA, the RA, and 42 U.S.C. § 1983 concerning the medical needs of Cory Fairfield while he was an inmate at the Waukesha County Jail for three weeks during November, 2021. The

individual defendants were each working at the Waukesha County Jail, either as employees of the County or of Wellpath LLC, with the exception of Dr. Brown who was a contract physician for Wellpath. Defendant Wellpath, LLC, is a private healthcare provider that was contracted to provide medical services within the jail.

Plaintiff alleges that at the time of his incarceration, he suffered from both opioid dependence and chronic insomnia. He alleges he was participating in a methadone program when he entered the jail. While at the jail, his methadone was discontinued, and he received no medication for his sleeplessness. He asserts that the denial of medical care was the result of discrimination based on his purported disability (opioid dependence) since other similarly situated inmates with different chronic medical conditions did receive the medication and care that they needed. He asserts that the total ignoring of his insomnia was deliberate indifference to his serious medical needs. Finally he asserts a Monell claim that the County and Wellpath, LLC have a pattern and practice of denying methadone to inmates who are participating in methadone treatment when they enter the Waukesha County Jail.

All Defendants have answered and have denied liability. County Defendants have asserted, among other defenses, qualified immunity on behalf of the individual defendants. It is further anticipated that there will be a dispute

as to whether Waukesha County and Wellpath's policies or widespread practices were the moving force behind any alleged violation of law.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

### B. Whether pleadings will be amended and whether parties will be joined

The Plaintiff does not intend to add any additional causes of action, but having drafted the Complaint based only on scant information provided in response to Open Records requests, he is not certain he has named the correct corporate entity or all the individuals who were responsible for his medical care at the Waukesha County Jail, so anticipates the need for early discovery on this issue, following which he may need to amend the Complaint to add defendants who are essential to this lawsuit. The Defendants do not currently expect a need to join any additional parties.

### C. The nature of discovery contemplated by each party, and the amount of time it may take to complete discovery

As far as discovery regarding liability, after written discovery, the Plaintiff contemplates taking depositions of each of the individual Defendants to ascertain their job responsibilities vis-à-vis inmates with medical problems, what each knew about Plaintiff's condition while he was an inmate at Waukesha County Jail in November, 2021, and how they each treated his condition. Others

who are not named defendants but who are witnesses to Mr. Fairfield's condition, suffering, and his treatment may also need to be deposed. The Plaintiff will take a Rule 30(b)(6) deposition of the designated representative(s) of the Waukesha County and Wellpath regarding their policies, procedures, and practices in regard to access to methadone treatment and their willingness to prescribe medication for sleep disordered inmates.

Defendants contemplate taking written and oral discovery concerning liability and damages, which will include the deposition of the Plaintiff.

The parties will have expert witnesses, and those witnesses will need to be deposed. The parties jointly proposed a deadline of April 22, 2024 for the Plaintiff's liability expert disclosures pursuant to Rule 26(a)(2) and July 22, 2024 for the Defendants' liability expert disclosures.

The parties estimate that most discovery can be completed within 12 months.

**D. Motions contemplated**

At this time, no motions are contemplated by the Plaintiff (other than the joint motion for protective order).

Defendants contemplate filing summary judgment motions. The parties propose the deadline for filing dispositive motions be October 7, 2024.

**E. Anticipated length of trial and whether a jury trial has been requested**

A jury trial has been requested. It is anticipated that trial will last approximately seven days.

**F. Whether parties consent to mediation**

Since no discovery has been taken as of this date, it is too early for any party to commit to settlement in general and to mediation in particular, but no party is averse to considering mediation as an alternative method of dispute resolution after discovery has progressed. The parties agree to submit an interim settlement report to the Court by February 23, 2024.

**G. Other matters that may affect the scheduling of disposition of this case.**

None.

## RULE 26 (f)(3) DISCOVERY PLAN

**A. What changes should be made in the timing, form, or requirement for disclosures under Rule 26 (a) and when initial disclosures will be made.**

The parties suggest no changes in regard to Rule 26(a) disclosures. The Plaintiff's initial disclosures will be made by October 2, 2023. The Defendants' initial disclosures will be made by October 30, 2023.

**B. The subjects of which discovery may be needed and when discovery should be completed and whether discovery should be conducted in phases or be limited to or focused on any particular issues.**

This is the only aspect on which the parties could not agree. The Defendants propose that discovery close on the date dispositive motions are due, October 7, 2024, with discovery being permitted to proceed after that date by agreement of the parties or with approval by the Court upon good cause shown and that discovery on liability and damages should be conducted together.

The Plaintiff proposes that discovery be permitted until one month before the joint pretrial report is due, or at the very least, until after briefing on dispositive motions has been completed.

**C. Any issues about disclosure or discovery of electronically stored information, including the form in which it should be produced.**

The parties propose that electronically stored information be produced in its native format as used in the usual course of business, unless the parties stipulate to a different system.

**D. Any issues about claims of privilege or of protection of trial preparation materials.**

The parties propose that any privilege logs will be served simultaneously with the written response and/or objections to the document production.

**E. What changes should be made in the limitations on discovery imposed under F.R.Civ.P. or by local rule, and what other limitations should be imposed?**

The parties agree that discovery documents and pleadings may be served by electronic means. The parties further agree that service by electronic means shall be allowed as set forth in F.R.Civ.P., Rule 5(b)(2)(E) and that electronic service shall be complete upon transmission. The parties agree that electronically served documents that require a line-by-line response (such as interrogatories, requests for admissions, and proposed findings of fact) shall also be provided to opposing counsel in editable format.

The parties propose to file a motion for a protective order so that confidential material can be limited to this litigation and handled under seal if filed with the Court. The parties will jointly prepare a stipulation and present it to the Court for approval.

**G. Any other orders that should be entered by the Court under Rule 26 (c) or under Rule 16(b) and (c):**

The parties propose none.

**The parties certify that they have conferred about all of the matters contained herein.**

Dated this 27th day of September, 2023.

Respectfully submitted,

Cory Fairfield, Plaintiff,

By

THE JEFF SCOTT OLSON LAW FIRM, S.C.
ATTORNEYS FOR PLAINTIFF
Jeff Scott Olson
State Bar No. 1016284
1025 Quinn Drive, Suite 500
Waunakee, WI 53597
Phone: (608) 283-6001
Facsimile: (608) 283-0945
E-mail: jsolson@scofflaw.com

/s/ Jeff Scott Olson

---

Jeff Scott Olson

Respectfully submitted,

Waukesha County, Sheriff Eric Severson,
Tracy Lewandowski, and Lt. Tamez
Defendants,

By

CRIVELLO NICHOLS & HALL, S.C.
ATTORNEYS FOR COUNTY DEFENDANTS
Kevin Landgraf
State Bar No. 1129261
Kiley Beth Zellner
State Bar No. 1056806
Sam C. Hall, Jr.
State Bar No. 1045476
710 N. Plankinton Ave, Suite 500
Milwaukee, WI 53203
Phone: 414-271-7722

Fax: 414- 271-4438
Emails:
klandgraf@crivellolaw.com
kzellner@crivelloLaw.com
shall@crivelloLaw.com

/s/ Kevin Landgraf

---

Kevin Landgraf

Respectfully submitted,

Wellpath, LLC, Dr. Temu Brown, Matthew Clark, and Mary Tess-Barber,
Defendants,

By

CASSIDAY SHADE, LLP
ATTORNEYS FOR MEDICAL DEFENDANTS
John J. Reid
State Bar No. 1057458
Thomas C. Kallies
State Bar No. 1094253
330 E. Kilbourn, Suite 575
Milwaukee, WI 53202
Phone: 414-224-1086
Fax: 414-224-6044

Emails:
jreid@cassiday.com
tkallies@cassiday.com

/s/ John J. Reid

---

John J. Reid