IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

CORY FAIRFIELD,

Plaintiff,

Case No. 23-CV-873

v.

WAUKESHA COUNTY, SHERIFF
ERIC SEVERSON, in his official capacity,
WELLPATH, LLC, TRACY LEWANDOWKSI, FNU
TAMEZ, TEMU BROWN, JAMES MATTHEWS and
MARY TESS-BARBER, each in his or her individual
Capacity,

Defendants.

---

**JOINT MOTION TO ADJOURN TRIAL AND PRETRIAL DEADLINES AND FOR A LIMITED STAY**

---

Plaintiff Cory Fairfield and Defendants Waukesha County and Eric Severson, by their respective counsel, jointly move to adjourn the December 28, 2026 jury trial and the related deadlines and final pretrial conference established by the Court's September 22, 2026 Trial Scheduling Order. (Dkt. 103). The parties also request a stay of trial-related proceedings to clarify the participation of Wellpath's Liquidating Trust and any applicable insurer and to permit meaningful settlement discussions. The parties request that any reset trial begin after February 17, 2027, subject to the Court's calendar and confirmation of witness availability.

## The Existing Schedule

The Trial Scheduling Order establishes the following dates: November 12, 2026 for final settlement reports; November 18, 2026 for motions in limine and Rule 702 motions; November 25, 2026 for the final joint pretrial report; December 8, 2026 at 8:30 a.m. for the final pretrial conference; and December 28, 2026 at 8:30 a.m. for jury trial. (Dkt. 103 at 1). The parties request adjournment of each of these dates, including the exhibit submissions and other trial-preparation obligations tied to them.

### I. Witness Unavailability Supports Adjournment.

The current trial date conflicts with the availability of anticipated witnesses. Tracy Lewandowski is on vacation from December 23 through December 29, 2026 and therefore is unavailable at the scheduled beginning of trial. Dr. MacDonald is unavailable during the week of December 28, 2026 because he will be traveling on a family vacation. Dr. Brown (who is no longer a Defendant but is still a key witness) is unavailable during the first two weeks of January 2027.

These conflicts affect the parties' ability to present their anticipated witnesses under the existing schedule. Moving trial to the following week would not resolve the problem because Dr. Brown remains unavailable during the first two weeks of January. The parties therefore request that trial be reset after February

17, 2027, with a specific date selected in consultation with the Court after the parties confirm witness availability.

## II. A Limited Stay Would Permit Clarification of Bankruptcy and Insurance Issues and Meaningful Settlement Discussions.

Wellpath's bankruptcy presents an unusual circumstance that materially affects the parties' ability to evaluate and negotiate a potential resolution of Plaintiff's ADA and *Monell* claims. A brief, structured stay would allow the parties to clarify the participation of Wellpath's Liquidating Trust and any applicable insurer before incurring the substantial expense of final trial preparation.

The County's agreement with Wellpath included indemnification obligations and required Wellpath to comply with the "requirements of all applicable federal, state and local laws." The County maintains that those contractual obligations provide a basis for protection against financial exposure arising from Wellpath's alleged failure to comply with applicable law, including the ADA. The scope and availability of that protection, however, must be evaluated within the framework of Wellpath's bankruptcy orders and any applicable insurance coverage.

As the Court is aware, Wellpath filed for bankruptcy and was dismissed from this action. The bankruptcy court's Order Regarding the Lift of Stay permits holders of qualifying personal injury tort and wrongful death claims to seek determinations of the Debtors' liability with the Liquidating Trust as a nominal party, to the extent its inclusion is necessary to recover available third-party

insurance proceeds or against an unreleased non-debtor defendant, or to establish a claim for distribution from the Trust. The Order also limits recovery to the sources permitted by its terms.

The parties understand that the Order may require inclusion of the Liquidating Trust as a nominal party for the proceedings they contemplate. They must clarify the application of the Order to the claims at issue, the procedure for any necessary inclusion of the Trust, and the extent to which the Trust and any applicable Wellpath insurer must participate in or approve a proposed resolution. The requested stay would allow those issues to be addressed without requiring this Court to adjudicate indemnification, insurance coverage, or entitlement to a Trust distribution as a condition of granting relief.

Although no judgment has been entered against the County, these questions have immediate significance for settlement. The parties need to determine whether insurance proceeds may be available, who possesses authority to negotiate concerning those proceeds, and whether any notice, consent, or approval requirements must be satisfied. These matters affect both the resources potentially available for settlement and the ability to obtain a comprehensive resolution of Plaintiff's ADA and *Monell* claims.

The current schedule does not afford sufficient time to complete that process and meaningfully explore settlement before final settlement reports are due on

November 12, 2026. Maintaining the existing pretrial deadlines would require substantial trial-preparation expenditures while the participation of potentially material settlement stakeholders remains unresolved. Clarifying these issues first may allow the parties to avoid or reduce those expenditures and advance the settlement efforts contemplated by the Court's scheduling order. See Dkt. 103 at 8.

## III. Good Cause Exists for a Defined Stay and Revised Schedule.

Federal Rule of Civil Procedure 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. Rule 16(c)(2)(G) and (I) also contemplate management of trial scheduling and settlement efforts. The Court has inherent authority to stay proceedings as part of its control over its docket, provided that it balances competing interests and keeps the stay within reasonable bounds. *Landis v. North American Co.*, 299 U.S. 248, 255–56 (1936).

Good cause exists here because the scheduled trial conflicts with witness availability and the bankruptcy-related issues impede informed settlement discussions. The parties seek relief before the affected deadlines expire. Their request is jointly made and serves an identified purpose, rather than postponing trial pending an uncertain external event.

A brief stay, with a joint status report due at its conclusion, accommodates that interest and preserves the Court's control over the case. During the stay, the parties will pursue clarification of the Trust's and insurer's participation and work

to arrange settlement discussions with the appropriate participants. No extension of the stay would occur automatically.

The joint status report will describe the parties' efforts and progress, identify any remaining procedural or insurance-related obstacles to settlement, report whether settlement discussions have been arranged, and provide proposed revised pretrial and trial dates based on confirmed witness availability. If the case has not resolved, the Court can then establish a revised schedule. The requested relief concerns trial-related proceedings and does not seek to reopen discovery or revive expired deadlines.

## CONCLUSION

For these reasons, the parties jointly request that the Court: 1) Adjourn the jury trial scheduled for December 28, 2026 and reset trial after February 17, 2027, subject to the Court's calendar and confirmation of witness availability; 2) Adjourn the November 12, 2026 final settlement-report deadline; the November 18, 2026 deadlines for motions in limine and Rule 702 motions; the November 25, 2026 final joint pretrial report deadline and associated exhibit-submission obligations; and the December 8, 2026 final pretrial conference; 3) Stay trial-related proceedings while permitting the parties to address the bankruptcy-related procedural and insurance issues and pursue settlement discussions; require a joint status report no later than 90 days after entry of the order addressing the matters described above; and 5)

Establish revised pretrial deadlines and a trial date following review of that report, or at such other time as the Court deems appropriate.

Dated this 8th day of October, 2026.

By: */s Kiley B. Zeller*

SAMUEL C. HALL, JR.
State Bar No. 1045476
KILEY B. ZELLNER
State Bar No. 1056806
KEVIN R. LANDGRAF
State Bar No. 1129261
Attorneys for Defendants, Waukesha County and Sheriff Eric Severson
CRIVELLO, NICHOLS & HALL, S.C.
710 N. Plankinton Avenue, Suite 500
Milwaukee, WI 53203
Phone: (414) 271-7722
Fax: (414) 271-4438
E-mail: kzellner@crivellolaw.com

Dated this 8th day of October, 2026.

By: */s Jeff Scott Olson*

JEFF SCOTT OLSON
State Bar No. 1013284
Attorney for Plaintiff, Cory Fairfield
The Jeff Scott Olson Law Firm, S.C.
1025 Quinn Drive, Suite 500
Waunakee, WI 53597-2502
Phone: (608) 283-6001
Fax: (608) 283-0945
E-mail: